UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOHNNY RAY LUNA, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 09-3853** |
| **LOUISIANA FIFTH CIRCUIT COURT OF APPEAL JUDGE THOMAS J. KLIEBERT AND ESTATE, ET AL.** | **SECTION: "N"(1)** |

## REPORT AND RECOMMENDATION

Plaintiffs, Johnny Ray Luna, Louie Max Schexnayder, Jr., and Erran George Evans, state prisoners, filed this *pro se* federal civil rights complaint.[1] They have named as defendants Thomas

---

[1] Plaintiffs indicate that they wish to pursue this matter as a "class action." Even if the matter were not subject to dismissal for the reasons set forth in this opinion, *pro se* litigants should not be allowed to serve as class representatives. As the United States Tenth Circuit Court of Appeals has noted:

> Under Rule 23(a)(4) [of the Federal Rules of Civil Procedure], a class representative must "fairly and adequately protect the interests of the class." A litigant may bring his own claims to federal court without counsel, but not the claims of others. This is so because the competence of a layman is clearly too limited to allow him to risk the rights of others.

Fymbo v. State Farm Fire & Casualty Co., 213 F.3d 1320, 1321 (10th Cir. 2000) (internal quotation marks and citations omitted); Sosa v. Strain, Civ. Action No. 06-9040, 2007 WL 1521441, at *7 (E.D. La. May 22, 2007). While plaintiffs have exhibited tenacity and zeal, those traits "are no substitute for the skill and experience which are needed to prosecute an action on behalf of a class." Mackenzie v. Local 624, International Union of Operating Engineers, 472 F. Supp. 1025, 1033 (N.D. Miss. 1979); Sosa, 2007 WL 1521441, at *7.

J. Kliebert, Edward A. Dufresne, Jr., H. Charles Gaudin, Clarence E. McManus, Charles Grisbaum, Thomas C. Wicker, Sol Gothard, Fred S. Bowes, Greg G. Guidry, Walter J. Rothschild, Thomas F. Daley, James L. Cannella, Marion F. Edwards, Frederica H. Wicker, Susan Chehardy, Peter Fitzgerald, Jerrold B. Peterson, other unidentified staff members of the Louisiana Fifth Circuit Court of Appeal, and their respective estates. In this lawsuit, plaintiffs claim that they were denied their constitutional rights by the failure of the judges and employees of the Louisiana Fifth Circuit Court of Appeal to follow the applicable provisions of state law when denying plaintiffs' *pro se* post-conviction writ applications.

### I. Standards of Review

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –

>(i) is frivolous or malicious;
>(ii) fails to state a claim on which relief may be granted; or
>(iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted), cert. denied, 128 S. Ct. 1230 and 1231 (2008). The United States Supreme Court recently explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citations and quotation marks omitted).

## II. Factual Background

The instant case is one of several filed in this Court based on facts which came to light upon the suicide of Jerrold Peterson, the former Central Staff Director of the Louisiana Fifth Circuit Court of Appeal. See, e.g., Severin v. Parish of Jefferson, Civ. Action No. 09-2766, 2009 WL 1107713 (E.D. La. Apr. 23, 2009); Smith v. Judges of La. Fifth Circuit Court of Appeal, Civ. Action No. 08-4350, 2009 WL 78430, at *2 (E.D. La. Jan. 9, 2009). Those troubling facts, which are summarized below, are now well known.

The Louisiana Constitution provides that each state Court of Appeal "shall sit in panels of at least three judges selected according to rules adopted by the court." La. Const. art. V, § 8(A). However, the judges of the Louisiana Fifth Circuit Court of Appeal instituted a procedure in 1994 to circumvent that constitutional requirement with respect to routine *pro se* prisoner post-conviction writ applications not presenting special or unusual circumstances or issues. Specifically, the court followed a procedure under which such applications would be handled solely by Judge Edward A. Dufresne. Further, upon Peterson's death, it was revealed that the applications were apparently handled solely by Peterson. Purportedly, Peterson received and reviewed those applications, prepared rulings denying them, and had Judge Dufresne sign the rulings without reviewing the underlying applications. The other two judges listed on the rulings did not review the applications, sign the rulings, or even know they were on the panel in whose names the rulings were issued.

When the existence of this procedure became public knowledge, many prisoners, including these plaintiffs, claimed that their rights had been violated by the Court of Appeal and sought relief

from the Louisiana Supreme Court. In response, the Louisiana Fifth Circuit Court of Appeal unanimously adopted an en banc resolution on September 9, 2008, which provided:

> Recommend to the Supreme Court the following possible solution to the Pro-Se Criminal Writ applications complaining that earlier applications by those same applicants had received inadequate review by this Court.
> First, we are proposing that you consider remanding each of the current applications in your court to this court with direction that they be assigned to respective three-judge panels randomly selected from five judges of this court; namely, Judges Chehardy, McManus, Wicker, Guidry and Pro Tempore Jasmine who incidentally have had no hand in the process by which this court earlier handled these multiple applicants' earlier writs in this court.
> Under this proposal, the applications will be controlled, handled and considered only by those five judges and such members of their respective personal staffs selected by them as a group, and as approved by the respective panels. Furthermore, none of the other three judges on this court will be involved in any way in consideration of the work of the three-judge panels, or conversant in any way with the five-panel judges to be assigned to handle these cases and their respective personal staff members which the five judges alone will choose to have assist them.
> We are guided in this request by a desire to avoid imposing financial or other burdens on other judges in this state who might otherwise be called upon to consider these cases out of our court.

See State v. Cordero, 993 So.2d 203, 206 (La. 2008).

In its decision on a writ application filed by one such prisoner, Sandra Cordero, the Louisiana Supreme Court adopted that resolution, holding:

> Therefore, in accordance with the Resolution of the Fifth Circuit Court of Appeal en banc, the application of Sandra Cordero is herewith transferred to the Fifth Circuit Court of Appeal for consideration according to the procedures outlined in the Fifth Circuit Court of Appeal's en banc resolution of September 9, 2008. These three-judge panels are to be insulated from all persons, other than the panel judges and their respective personal staffs. This Court also determines that the applications presently filed and pending in this Court by petitioners, raising similar claims and enumerated hereinabove should also be handled in accordance with the procedures outlined in this Order and the Fifth Circuit Court of Appeal's en banc resolution of September 9, 2008. Further, this Court also determines under its supervisory authority that the applications presently filed and pending in the Fifth Circuit Court of Appeal by those petitioners who raise similar claims should also be handled in

accordance with the procedures outlined in this Order and the Fifth Circuit Court of Appeal's en banc resolution of September 9, 2008.

Cordero, 993 So.2d at 205.

On October 10, 2008, the Louisiana Supreme Court transferred plaintiffs' writ applications to the Louisiana Fifth Circuit Court of Appeal for consideration pursuant to the procedures outlined in Cordero. State ex rel. Luna v. State, 994 So.2d 14 (La. 2008), reh'g denied, 1 So.3d 470 (La. 2009); State ex rel. Schexnayder v. State, 994 So.2d 29 (La. 2008), reh'g denied, 1 So.3d 472 (La. 2009); State ex rel. Evans v. State, 993 So.2d 1218 (La. 2008), reh'g denied, 1 So.3d 478 (La. 2009).

### III. Analysis

The procedure employed by the Louisiana Fifth Circuit Court of Appeal evidences a shameful disregard for justice on the part of the appellate court judges who conceived it and directed their staff to implement it. However, even if plaintiffs' complaint is broadly construed,[2] the Court nevertheless finds that, for the following reasons, the federal complaint should be dismissed as frivolous, for failing to state a claim on which relief may be granted, and/or for seeking monetary damages against defendants who are immune from such relief. Any relief to which plaintiffs may be entitled should instead be sought from the state courts.

#### A. Official-Capacity Claims for Monetary Damages

To the extent that plaintiffs are suing the defendants in their official capacities for monetary damages, those claims are barred. The defendants are officials and employees of the Louisiana Fifth

---

[2] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

6

Circuit Court of Appeal. Any judgment against them in their official capacities would be satisfied out of the state treasury. La.Rev.Stat.Ann. § 13:5108.1. Accordingly, any such official-capacity claims against them would in reality be claims against the state itself, and, therefore, would be barred by the Eleventh Amendment. See Voisin's Oyster House, Inc. v. Guidry, 799 F.2d 183, 188 (5th Cir. 1986); see also Wallace v. Texas Tech University, 80 F.3d 1042, 1047 n.3 (5th Cir. 1996) ("Suits against state officials in their official capacity are considered to be suits against the individual office, and so are generally barred as suits against the state itself."); Doris v. Van Davis, Civ. Action No. 08-4138, 2009 WL 382653, at *2 (E.D. La. Feb. 12, 2009). Further, in any event, state officials or employees in their official capacities are not "persons" amenable to suit for damages under 42 U.S.C. § 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989); see also Arizonans for Official English v. Arizona, 520 U.S. 43, 69 n.24 (1997).

B. Individual-Capacity Claims for Monetary Damages

1. Judges

Plaintiffs have named as defendants the following judges and former judges of the Louisiana Fifth Circuit Court of Appeal: Thomas J. Kliebert, Edward A. Dufresne, Jr., H. Charles Gaudin, Clarence E. McManus, Charles Grisbaum, Thomas C. Wicker, Sol Gothard, Fred S. Bowes, Greg G. Guidry, Walter J. Rothschild, Thomas F. Daley, James L. Cannella, Marion F. Edwards, Frederica H. Wicker, and Susan Chehardy. Those defendants are protected from the claims against them in their individual capacities for monetary damages by their absolute judicial immunity.

It has long been held that "judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are

alleged to have been done maliciously or corruptly." Bradley v. Fisher, 80 U.S. (13 Wall.) 335, 351 (1871); see also Harper v. Merckle, 638 F.2d 848, 856 n.9 (5th Cir. 1981) ("[W]e can envision no situation – where a judge acts after he is approached *qua* judge by parties to a case – that could possibly spawn a successful § 1983 suit."). The United States Supreme Court has explained: "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages. Accordingly, judicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." Mireles v. Waco, 502 U.S. 9, 11 (1991). Further, judicial immunity is clearly applicable in federal civil rights cases. Stump v. Steward, 435 U.S. 349, 356 (1978); Pierson v. Ray, 386 U.S. 547, 554-55 (1967).

The Supreme Court has recognized only two instances in which judicial immunity is inapplicable:

> [O]ur cases make clear that the immunity is overcome in only two sets of circumstances. First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction.

Mireles, 502 U.S. at 11-12 (citations omitted). Neither of those exceptions applies in this case.

Regarding the first exception, the Supreme Court has explained:

> The relevant cases demonstrate that the factors determining whether an act by a judge is a "judicial" one relate to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity.

Stump, 435 U.S. at 362. The acts at issue here, the denial of plaintiffs' writ applications, clearly involve a function normally performed by a judge. Further, by filing their writ applications, plaintiffs were clearly dealing with the judges in their judicial capacities.

Regarding the second exception, there is no question that the judges had jurisdiction over plaintiffs' writ applications.

Plaintiffs essentially propose a third exception, opining that the judges should not be immune because they arguably acted beyond their authority by improperly delegating that authority to a single judge, Judge Dufresne, or allegedly ceding that authority to their staff. However, the United States Supreme Court has expressly rejected the contention that judicial immunity is inapplicable where a judge simply acts beyond his authority. See, e.g., Stump, 435 U.S. at 356 ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority ....").

Accordingly, for the foregoing reasons, the Court finds that the named judges are protected by their absolute judicial immunity against the claims against them in their individual capacities for monetary damages.

## 2. Remaining Defendants

The remaining defendants in this lawsuit are the employees of the Louisiana Fifth Circuit Court of Appeal who acted pursuant to the challenged procedure adopted by the judges. Because those employees were acting at the express direction of the judges to assist them in carrying out their judicial functions, those defendants are likewise entitled absolute immunity with respect to any claims against them in their individual capacities for monetary damages. See Mitchell v.

McBryde, 944 F.2d 229, 230-31 (5th Cir. 1991); see also Johnson v. Graves, No. 92-3586, 1993 WL 82323 (5th Cir. Mar. 18, 1993). This is because a court employee who acts under the explicit instructions of a judge "acts as the arm of the judge and comes within his absolute immunity," even if the employee acts "in bad faith or with malice." See Williams v. Wood, 612 F.2d 982, 985 (5th Cir. 1980); see also Clay v. Allen, 242 F.3d 679, 682 (5th Cir. 2001). Indeed, to give blanket protection to the judges while at the same time denying protection to the subordinates acting at the judges' express direction would be perverse, egregiously unfair, and ultimately unworkable. As the United States Fifth Circuit Court of Appeals observed when holding that a sheriff is absolutely immune for actions taken in the arguably similar situation where he executes a court order:

> [B]ecause judges are absolutely immune from suit for judicial actions taken pursuant to their jurisdiction, to deny similar protection to government officials executing their orders would render the officials lightning rods for harassing litigation aimed at judicial orders. We note, moreover, the unfairness of imposing liability in this context – an official charged with executing a facially valid court order has no choice but to do so. Government officials should not be required to make the Hobson's choice between disobeying the court order or being haled into court to answer for damages. To hold otherwise would require sheriffs and other court officers enforcing facially valid orders to act as pseudo-appellate courts scrutinizing the orders of judges. Such a result is obviously untenable.

Mays v. Sudderth, 97 F.3d 107, 113 (1996) (citations, footnote, quotation marks, and brackets omitted).[3]

---

[3] Additionally, the Court notes that one of these defendants, Jerrold Peterson, is deceased. Because he was deceased at the time this action was filed, the claim against him is also subject to dismissal on that basis. Martinez v. United States, Civ. Action No. 96-4072, 1998 WL 92248, at *2 (E.D. La. Mar. 2, 1998) ("Federal law ... relies on state law to determine if a party can be named as a defendant to a lawsuit. Louisiana law does not allow suits against the deceased."); see also Campbell v. Travelers Insurance, Civ. Action No. 06-9068, 2008 WL 145048, at *1 (E.D. La. Jan. 14, 2008). Peterson's estate is likewise not a proper party defendant. Martinez, 1998 WL 92248, at *4.

### C. Declaratory Relief

Plaintiffs have also requested declaratory relief. Despite their protestations to the contrary, it is apparent their request for such relief is nothing more than a veiled attempt to challenge the validity of their present confinement. Therefore, plaintiffs must pursue such challenges in *habeas corpus* proceedings, not a federal civil rights action. Severin v. Parish of Jefferson, Civ. Action No. 09-2766, 2009 WL 1107713, at *5 (E.D. La. Apr. 23, 2009); Smith v. Judges of La. Fifth Circuit Court of Appeal, Civ. Action No. 08-4350, 2009 WL 78430, at *2 (E.D. La. Jan. 9, 2009); see also Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."); Boyd v. Biggers, 31 F.3d 279, 283 n.4 (5th Cir. 1994). Moreover, the Court cannot construe the complaint in part as *habeas corpus* petitions because these plaintiffs have previously sought and been denied federal *habeas corpus* relief. Luna v. Cain, Civ. Action No. 03-3237 c/w 04-1453, 2006 WL 3469545 (E.D. La. Nov. 27, 2006), certificate of appealability denied, No. 06-31294 (5th Cir. Nov. 6, 2007), cert. denied, 128 S.Ct. 1751 (2008); Schexnayder v. Cain, Civ. Action No. 99-0093 (E.D. La. Apr. 13, 2000), certificate of appealability denied, No. 00-30551 (5th Cir. Aug. 16, 2000), cert. denied, 531 U.S. 1090 (2001); Evans v. Cain, Civ. Action No. 04-0649 (E.D. La. Mar. 10, 2005), certificate of appealability denied, No. 05-30322 (5th Cir. Feb. 22, 2006). Before plaintiffs may file second or successive federal applications for *habeas corpus* relief, they must first obtain authorization from the United States Fifth Circuit Court of Appeals. 28 U.S.C. § 2244(b)(3).

## D. Injunctive Relief

Plaintiffs also indicate in the complaint that they are seeking injunctive relief. Such relief is not warranted for several reasons.

First, the challenged procedures have already been discontinued.

Second, the Louisiana Fifth Circuit Court of Appeal did not have the last word with respect to plaintiffs' state post-conviction claims. After that court denied their numerous writ applications, plaintiffs sought and were afforded review from the Louisiana Supreme Court. State ex rel. Schexnayder v. State, 956 So.2d 601 (La. 2007); State ex rel. Evans v. State, 897 So.2d 591 (La. 2005); State ex rel. Luna v. State, 869 So.2d 873 (La. 2004); State ex rel. Schexnayder v. State, 869 So.2d 843 (La.), reh'g denied, 876 So.2d 78 (La. 2004); State ex rel. Evans v. State, 865 So.2d 64 (La. 2004); State ex rel. Louna [sic] v. State, 842 So.2d 392 (La. 2003); State ex rel. Schexnayder v. State, 822 So.2d 610 (La. 2002); State ex rel. Schexnayder v. State, 723 So.2d 971 (La. 1998); State ex rel. Schexnayder v. State, 706 So.2d 973 (La. 1998). The Louisiana Supreme Court denied their claims in decisions presumably untainted by the Court of Appeal's problematic procedures. See State v. Cordero, 993 So.2d 203, 214 (La. 2008) (Kimball, J., concurring in the denial of rehearing) ("Many of these cases have, in fact, originally been reviewed and have had opinions written by the courts of appeal and by the seven justices of this court on original appellate review, in addition to having been reviewed on post conviction by the seven justices of this court in earlier proceedings, notwithstanding the review or lack thereof that occurred precedent to ours.").

Third, as noted, these plaintiffs have already been granted further state review pursuant to the procedures outlined in Cordero. State ex rel. Luna v. State, 994 So.2d 14 (La. 2008), reh'g denied, 1 So.3d 470 (La. 2009); State ex rel. Schexnayder v. State, 994 So.2d 29 (La. 2008), reh'g

12

denied, 1 So.3d 472 (La. 2009); State *ex rel.* Evans v. State, 993 So.2d 1218 (La. 2008), reh'g denied, 1 So.3d 478 (La. 2009).

### E. State Law Claims

Plaintiffs also indicate in the complaint that they are asserting claims under state law. However, if their federal claims are dismissed as recommended, it is appropriate for the Court to decline to exercise supplemental jurisdiction over the state law claims. See 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim ... if ... the district court has dismissed all claims over which it has original jurisdiction."); see also Bass v. Parkwood Hospital, 180 F.3d 234, 246 (5th Cir. 1999) ("When a court dismisses all federal claims before trial, the general rule is to dismiss any pendent claims.").

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiffs' federal claims be **DISMISSED WITH PREJUDICE** as frivolous, for failing to state a claim on which relief may be granted, and/or for seeking monetary against damages defendants who are immune from such relief.

It is **FURTHER RECOMMENDED** that plaintiffs' state law claims be **DISMISSED WITHOUT PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court,

provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this nineteenth day of June, 2009.

**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**